UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN BANKERS CAPITAL, INC. | CIVIL ACTION |
| | NO. 23-5124 |
| VERSUS | |
| | SECTION "O" (3) |
| KIRTON MCCONKIE, PC ET AL. | |

## <u>ORDER AND REASONS</u>

Before the Court is Defendants' Motion for Contempt and for Attorney's Fees and Costs (R. Doc. 62). Plaintiff opposes the motion. The motion is granted in part and denied in part for the reasons below.

## I.    Background

This legal malpractice lawsuit arises from the representation of Plaintiff, Western Banks Capital, Inc., by Defendants, Charles Parkinson Lloyd and Kirton McConkie, P.C.[1] Defendants prepared an opinion letter for a nonparty broker in which Defendants represented that Western Bankers Capital, Inc. could sell certain stock in compliance with Securities and Exchange Commission ("SEC") Rules.[2]

On April 17, 2025, Defendants served Plaintiff with a set of interrogatories and requests for production of documents.[3] After Plaintiff failed to respond,[4] Defendants

---

[1] R. Doc. 1, ¶ 1.
[2] R. Doc. 24 at 2 (citing R. Doc. 1).
[3] R. Doc. 46-2 at 2–19.
[4] Plaintiff provided only unsworn interrogatory answers and no responses to the requests for production.  R. Doc. 46-3, R. Doc. 46-4.

moved to compel and for attorney's fees and costs on July 7, 2025.[5]  The Court conducted a status conference relative to the motion on July 11, 2025. Plaintiff acknowledged that responses were due. The Court ordered Plaintiff to provide the discovery responses underlying the motion to compel by July 22, 2025.[6]

Plaintiff did not comply with the July Order. A second status conference was held on August 18, 2025. During the status conference, Plaintiff requested an extension. The Court granted "one final extension of time to complete document review and production."[7]  Plaintiff was ordered to produce all depositions (relative to an SEC proceeding), including exhibits, by August 25, 2025, and to produce all remaining responsive documents (including those located in any SEC zip files) by September 2, 2025.

Plaintiff did not comply with the August Order. At the time that they filed their motion for contempt and attorney's fees on September 29, 2025, Defendants still had not received all depositions and exhibits nor zip files provided by SEC to Plaintiff.[8] Plaintiff provided the remaining deposition exhibits at midnight at 12:00 a.m. on October 15, 2025.[9] To-date, it has not reviewed nor produced documents from the SEC zip files.

---

[5] R. Doc. 46.
[6] R. Doc. 51.
[7] R. Doc. 59.
[8] R. Doc. 62-1 at 4.
[9] R. Doc. 64-1.

## II.    Analysis

Defendants request that (1) Plaintiff be held in contempt; (2) Plaintiff be ordered to produce all responsive documents within five days; (3) Defendants be awarded fees and costs incurred in connection with the instant Motion to for Contempt, the prior Motion to Compel, and related hearings and conferences with the Court ; and (4) Plaintiff be warned that any further violations may results in more severe sanctions including dismissal of their action in whole or in part.[10]

### A.    Contempt

"The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) (citations omitted). If a magistrate judge certifies facts that support a finding of civil contempt, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).

Defendants' motion does not appear to contemplate this two-step process. Moreover, substantially similar relief is more readily available under Rule 37(b). Further, the government shutdown may render it impossible for Plaintiff to purge

---

[10] R. Doc. 62-1 at 4, 7–8.

the contempt. The record and briefing are unclear as to this issue. Thus, Defendants'

request that Plaintiff be held in contempt is denied without prejudice.

### B.    Rule 37(b)(2)

Defendants also seek relief under Rule 37(b)(2) of the Federal Rules of Civil

Procedure.[11] That rule authorizes courts to respond to noncompliance with their

orders by doing one or more of the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[12]

In addition, courts may assess reasonable expenses, including attorney's fees, against

the disobedient party unless the noncompliance was substantially justified or other

circumstances would render such an award unjust. Rule 37(b)(2)(C). Courts have a

---

[11] R. Doc. 62-1 at 6.
[12] Fed. R. Civ. P. 37(b)(2).

duty to impose the least severe sanction that is sufficient to deter future conduct. *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996).

A trial court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). The Fifth Circuit usually requires a finding of bad faith or willful misconduct to support the severest remedies under Rule 37(b), such as dismissal of suit. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Awarding attorney's fees and costs is a lesser sanction and does not require such a finding. *Chilcutt v. United States*, 4 F.3d 1313, 1322–23 (5th Cir. 1993). Instead, the Fifth Circuit requires the district court to determine that the sanctions are "just" and "related to the particular claim which was at issue in the order to provide discovery." *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019), *as revised* (June 6, 2019) (internal citations and quotations omitted).

Defendants request that Plaintiff reimburse Defendants for the attorney's fees and costs expended in connection with: (i) the prior Motion to Compel,[13] (ii) the pending Motion for Contempt and for Attorney's Fees and Costs,[14] and (iii) status conferences held in connection with the discovery dispute.[15] The scope of Defendants' request is appropriate. The two discovery orders issued in this case specifically

---

[13] R. Doc. 46.

[14] R. Doc. 63.

[15] R. Docs. 62, 51, 62-1 at 7–8.

addressed these motions and were confected in connection with the status conferences. *See L. Funder*, 924 F.3d at 758.

In considering a just sanction, the Court is mindful that Plaintiff has been given multiple opportunities to correct its course. After ignoring the deadline established by the Federal Rules of Civil Procedure, Plaintiff received a second chance through the July Order, which granted the motion to compel and required production by July 22, 2025. At the related status conference, Plaintiff conveyed that the July 22 deadline provided sufficient time to respond. Plaintiff received a third chance through the Court's August Order, which gave Plaintiff "one final" opportunity to comply with its discovery obligations. That deadline, too, was established in connection with information from Plaintiff's counsel as to a reasonable period for compliance. Yet Plaintiff continued to violate both court orders. Plaintiff has not produced any documents from the SEC zip file and only produced other documents after Defendants filed the instant motion.

Plaintiff has not shown that its noncompliance with two court orders was substantially justified or that other circumstances would render such an award unjust. *See* Rule 37(b)(2)(C). With respect to the SEC depositions, Plaintiff notes that all depositions and exhibits "have now been produced."[16] This does not excuse its prior noncompliance. Plaintiff also highlights the burden of document review. That argument, however, ignores the fact that the Court's deadlines were confected in

---

[16] R. Doc. 63 at 3.

consultation with the parties, considered the burden and costs at issue, and relied on Plaintiff's position that the deadlines were feasible.

Plaintiff offers two justifications for the non-production of the SEC zip files. Neither is persuasive. First, Plaintiff maintains that the zip files are corrupt. Plaintiff received the files on June 24, 2025.[17] That same day, Plaintiff's counsel advised Defendants:

> I've also been waiting to get the SEC's document production in the NY case, which would have a lot of the documents responsive to your requests. "I actually just received those earlier today but am having a difficult time opening the Zip files. I'm going to try to get that straightened out tomorrow.[18]

Plaintiff offers no information about the steps taken on or after June 25, 2025, to obtain usable versions of the files. Particularly given Plaintiff's representation to the Court and Defendants that usable zip files would be obtained and reviewed, Plaintiff's silence on this issue is questionable.

Second, Plaintiff blames its non-production of material from the zip files on the government shutdown.[19] The shutdown, however, occurred only after the motion for contempt and fees was filed. Thus, while the shutdown may excuse Plaintiff's conduct

---

[17] R. Doc. 63-1.

[18] R. Doc. 46-3 at 1.

[19] R. Doc. 63 at 2 ("However, because of the current U.S. Government shutdown, the SEC attorneys have been furloughed and are not permitted to do any work…. Once the shutdown is over and the SEC attorneys are allowed to resume work, counsel will coordinate with them to obtain a usable version of the corrupted Zip file.").

as of October 1, 2025 (an issue that cannot be determined on this record), it offers no excuse for Plaintiff's noncompliance with the Court's July and August discovery orders.    For the foregoing reasons, Plaintiff has not established that its noncompliance is substantially justified nor that other circumstances would make the imposition of attorney's fees and costs unjust.

Accordingly,

**IT IS ORDERED** that the Motion for Contempt and for Attorney's Fees and Costs (R. Doc. 62) is **GRANTED IN PART** with respect to the request for relief under Rule 37 and **DENIED IN PART AND WITHOUT PREJUDICE** as to the request that the Court hold Plaintiff in contempt.

**IT IS FURTHER ORDERED** that any remaining responsive documents be provided by **October 30, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff file in the record by O**ctober 30, 2025**, an affidavit describing all efforts to obtain a usable version of the SEC zip files, including the specific dates when those efforts were made and when Plaintiff purportedly learned that SEC could not produce the files because of the shutdown. Any written correspondence or related non-privileged documentation[20] must be attached to the affidavit.

---

[20] A privilege log should be prepared and filed relative to any documents withheld as privileged.

**IT IS FURTHER ORDERED** that Defendants are awarded reasonable attorney's fees and costs relative to the Motion to Compel, the Motion for Contempt and Attorney's Fees and Costs, and the status conferences held with the Court relative to the underlying discovery dispute.

**IT IS FURTHER ORDERED** that, should the parties be unable to agree on an amount relative to Defendants' fee and cost award, Defendants file a motion to set attorney's fees and costs on or before **November 7, 2025,** in compliance with Local Rule 54.2. The motion should not include fees incurred relative to: (1) the researching or drafting of Defendants' request that Plaintiff be held in contempt or (2)the researching and drafting of the fee motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel provide Plaintiff with a copy of this Order and Reasons.

**PLAINTIFF IS CAUTIONED THAT FURTHER NONCOMPLIANCE WITH COURT ORDERS MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS LAWSUIT.**

New Orleans, Louisiana, this 24th day of October, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE